UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK –
BROOKLYN DIVISION

-----------------------------------------------------------------X
In Re:

SHARON SALMON,

            Debtor.

-----------------------------------------------------------------X

Case No. 1-19-40388-nhl

Chapter 11

JUDGE: Hon. Nancy Hershey Lord

### MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE *WITH* BAR TO REFILING AND/OR *WITH* REQUEST FOR IN REM RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE, CONVERT TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2004-13CB) ("Creditor") by and through its loan servicer, Bayview Loan Servicing, LLC ("Bayview"), by and through its undersigned counsel, as secured creditor of the above-entitled Debtor, Sharon Salmon ("Debtor"), hereby submits the following *Motion to Dismiss Debtor's Chapter 11 Bankruptcy Case with a Bar to Refiling, and/or with Request for In Rem Relief from the Automatic Stay or, in the alternative, to Convert the Case to one under Chapter 7 of the Bankruptcy Code* ("Motion to Dismiss") pursuant to sections 1112(b) and 362(d)(4) of title 11 of the United States Code. This Motion to Dismiss is based upon the Memorandum of Points and Authorities cited herein, the Debtor's prior bankruptcy filings, the Debtor's current bankruptcy petition, and such other evidence and oral argument as may be presented to the Court at or before the time of the hearing:

### I.    INTRODUCTION

1. Creditor submits that cause exists to dismiss the Debtor's serial Chapter 11 Case for bad faith. The instant case represents the Debtor's **fifth bankruptcy filing** since 2017 and **the third filing in the last year**. Debtor has failed to show a significant change in circumstances to overcome the presumption of bad faith to justify a new filing. Further, Debtor has failed to comply with the filing and reporting requirements under the Bankruptcy Code in each bankruptcy case. The totality of the

circumstances evidences that Debtor has no intention of reorganizing and, instead, has sought to improperly use the Bankruptcy Code to delay, hinder and/or defraud creditors through five consecutive bankruptcy cases. The foregoing factors, constitutes "cause" to convert or dismiss this case *with prejudice under §109(g) and/or grant prospective in rem relief from the automatic stay under §362(d)(4).*

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. LOAN HISTORY

2. On March 26, 2004, Debtor executed a promissory note in the principal sum of $205,000.00 (the "Note"). The Note reflects that it was indorsed in blank. A copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

3. The Note is secured by a Mortgage (the "Mortgage")[2] granting a security interest in the real property located at 113 - 12 200th St, Saint Albans, NY 11412 (the "Property") which is more fully described in the Mortgage. The Mortgage reflects that it was duly recorded. A copy of the Mortgage is attached hereto as **Exhibit 2** and incorporated herein by reference.

4. Subsequently, interest in the Mortgage was assigned to Creditor. A copy of the recorded Assignment of Mortgage is attached hereto as **Exhibit 3** and incorporated herein by reference. Bayview is the current loan servicer on behalf of Creditor.

5. Due to the contractual default, Creditor commenced a foreclosure under applicable state law.

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case and the Debtor's prior bankruptcy cases.

[2] The Note and Mortgage are collectively referred to as the "Loan."

**B.     THE PRIOR BANKRUPTCY CASES**

*1.     The First Bankruptcy Case*

6.     On February 10, 2017, Debtor filed a prior voluntary petition under Chapter 7 of the Bankruptcy Code in the Eastern District of New York, and was assigned bankruptcy case number 17-40593 (the "First Bankruptcy Case"). (*See* First Bankruptcy Case, Dkt. No. 1, **Exhibit 4**).

7.     On March 28, 2017, the Court entered an Order Dismissing the First Bankruptcy Case pursuant to §521(i) as Debtor failed to pay the filing fee. (*See* First Bankruptcy Case, Dkt. No. 22).

*2.     The Second Bankruptcy Case*

8.     On September 28, 2017, the Debtor filed a second voluntary petition under Chapter 7 of the Bankruptcy Code in the Eastern District of New York, and was assigned bankruptcy case number 17-45035 (the "Second Bankruptcy Case"). (*See* Second Bankruptcy Case, Dkt. No. 1, **Exhibit 5**).

9.     On February 9, 2018, the Court entered an Order Dismissing the Second Bankruptcy Case based on the Debtor's failure to appear at the §341 Meeting of Creditors. (*See* Second Bankruptcy Case, Dkt. No. 35).

*3.     The Third Bankruptcy Case*

10.     On March 8, 2018, Debtor filed a third voluntary petition under Chapter 13 of the Bankruptcy Code in the Eastern District of New York, and was assigned bankruptcy case number 18-41268 (the "Third Bankruptcy Case"). (*See* Third Bankruptcy Case, Dkt. No. 1, **Exhibit 6**).

11.     On April 11, 2018, the Court entered a Final Notice of Section 521 Deficiencies in the Third Bankruptcy Case. (*See* Third Bankruptcy Case, Dkt. No. 21).

12.     On April 23, 2018, the Court entered an Order Dismissing the Third Bankruptcy Case based on the Debtor's failure to file required documents and cure the deficiencies. (*See* Third Bankruptcy Case, Dkt. No. 31).

*4.  The Fourth Bankruptcy Case*

13. On August 24, 2018, Debtor filed a fourth voluntary petition under Chapter 13 of the Bankruptcy Code in the Eastern District of New York, and was assigned bankruptcy case number 18-44872 (the "Fourth Bankruptcy Case"). (*See* Fourth Bankruptcy Case, Dkt. No. 1, **Exhibit 7**).

14. On September 26, 2018, the Court entered a Final Notice of Section 521 Deficiencies in the Fourth Bankruptcy Case. (*See* Fourth Bankruptcy Case, Dkt. No. 26).

15. On October 1, 2018, the Court entered a Conditional Order Granting a Motion to Convert the Fourth Bankruptcy Case to a Chapter 11 ("Conversion Order"). (*See* Fourth Bankruptcy Case, Dkt. No. 30). The Conversion Order provided the case would be dismissed unless all missing chapter 11 schedules and documents were filed by October 11, 2018. *Id.*

16. On November 20, 2018, the Court entered an Order Dismissing the Fourth Bankruptcy Case based on the Debtor's failure to file required documents and cure the deficiencies as outlined in the Conversion Order. (*See* Fourth Bankruptcy Case, Dkt. No. 43).

**B.    THE INSTANT BANKRUPTCY CASE**

17. On January 23, 2019, Debtor filed the instant **fifth voluntary petition** under Chapter 11 of the Bankruptcy Code in the Eastern District of New York and was assigned bankruptcy case number 19-40388 (the "Bankruptcy Case"). (*See* Dkt. No. 1).

18. On January 23, 2019, the Court issued a Deficiency Notice ordering the Debtor to file missing documents. (*See* Dkt. No. 7).

19. To date, Debtor has yet to file all of the missing documents as outlined in the Deficiency Notice.

20. Pursuant to 11 U.S.C. §362(c)(4)(A)(i) the automatic stay did not go into effect upon the filing of the instant Bankruptcy Case. Debtor has yet to file a Motion to Extend/Impose the Stay.

21. A review of the Court's docket indicates that the Debtor has failed to file a Motion for

Authority to use Cash Collateral.

22. A review of the Court's docket indicates that the Debtor has failed to file a Chapter 11 Disclosure Statement or Chapter 11 Plan.

### III. ARGUMENT

### A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

**1. Legal Standard.**

23. Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court *__shall__* convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

**2. Cause Exists to Dismiss this Case for Bad Faith**

24. Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause to dismiss a case. 11 U.S.C. § 1112(b)(4). The list of matters constituting cause for dismissal is not exclusive and chapter 11 petitions may be dismissed for bad faith. *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999). Serial filings are not considered to be *per se* bad faith. *See In re Elmwood Dev. Co.,* 964 F.2d 508, 511 (5th Cir. 1992) (finding that the Code itself contains no absolute bar against filing a second Chapter 11 petition); *Downey Sav. & Loan Ass'n v. Metz (In re Metz),* 820 F.2d 1495,

1497 (9th Cir.1987); *see also Johnson v. Home State Bank,* 501 U.S. 78, 87 (1991) (permitting serial filings under chapter 7 and then chapter 13). Instead, the court must review the totality of the circumstances to determine the issue of bad faith. *In re Metz,* 820 F.2d at 1498 (citing *Goeb v. Held (In re Goeb),* 675 F.2d 1386, 1391 (9th Cir.1982)); *Elmwood Dev.*, 964 F.2d at 510 (it involves a "collation of factors, rather than any single datum").

25. Though the filing of a second petition may otherwise meet the statutory requirements, the filing may nevertheless violate the purpose and spirit of chapter 11 and thus not be filed in good faith. *Elmwood Dev.*, 964 F.2d at 511; *In re Metz,* 820 F.2d at 1498. As stated above, lack of good faith may be shown through the manipulation of the Bankruptcy Code. *See In re Goeb,* 675 F.2d at 1390.

26. "Bad faith" is somewhat of misnomer. It is *not necessary* to show ill will or malicious conduct on the part of the debtor or intentional abuse of the bankruptcy laws. All that need to be shown is that the petition or pleading was filed for a purpose other than that sanctioned by the Code. (*See In re McCormick Road Assocs.*, 127 B.R. 410, 415 (Bankr. N.D. Il. 1991); *In re Southern Calif. Sound Systems, Inc.*, 69 B.R. 896, 901, fn. 2 (Bankr. S.D. Cal. 1987). The court must review the totality of the circumstances to determine the issue of bad faith. *Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986); *In re Albany Partners, Ltd.*, 749 F2d 670, 674 (11th Cir. 1984). All facts and circumstances *leading up to the filing of the bankruptcy case are considered, as well as the debtors' conduct during the case*. *See In re Charfoos*, 979 F2d 390, 394-395 (6th Cir. 1992); *In re Laguna Assocs. Ltd. P'ship*, 30 F3d 734, 738 (6th Cir. 1994); *In re Robino*, 243 B.R. 472, 487 (Bankr. N.D. Al. 1999).

27. The Second Circuit endorsed the principle that a Chapter 11 case could be dismissed as a bad faith filing where the debtor filed a Chapter 11 petition in response to a foreclosure commenced by a secured creditor. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997). The Circuit Court held that the Bankruptcy Court did not abuse its discretion in dismissing the case where "on the filing date there was no reasonable likelihood that the debtor intended to reorganize and

no reasonable probability that it would eventually emerge from bankruptcy proceedings." *C-TC 9th Ave. Pshp.*, 113 F.3d at 1309.

28. The Court in *C-TC 9th Ave. Partnership* set forth the factors that tended to establish that the debtor in that case did not have a valid reorganizational purpose: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997); *In re* 652 W. 160th LLC, 330 B.R. 455, 462 (Bankr. S.D.N.Y. 2005).

29. Many of these factors are present in this case, in which the debtor has few unsecured creditors, where the Debtor has no ability to make payments, and where the petition was filed to delay foreclosure. The Subject Loan is in default with a pending foreclosure action. Debtor has negative net income in the amount of $<15,280.00> per month. (*See* Schedules I-J). Creditor has been unable to exercise its rights under state law due to the **five consecutive bankruptcy cases.** (*See* Exhibits, 4-7). Three of the cases were filed in the last year. In the meantime, the Subject Loan has remained in default, with Creditor paying taxes and insurance, while Debtor enjoys the use of the Property and may be collecting rental income without authorization.

30. Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith." Based on the foregoing, Creditor asserts Debtor has acted in bad faith and cause exists to dismiss this case *with prejudice* and a bar to refiling under 11 U.S.C. §1112.

**3. Cause Exists to Dismiss the Case Based on Debtor's Failure to Satisfy Filing Requirements**

31. Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" or failure to comply with an order of the court." 11 U.S.C. §1112(b)(4)(E) and (F).

32. On January 23, 2019, the Court issued a Deficiency Notice ordering the Debtor to file missing documents. (*See* Dkt. No. 7). To date, Debtor has yet to file all of the missing documents as outlined in the Deficiency Notice. Pursuant to 11 U.S.C. §362(c)(4)(A)(i) the automatic stay did not go into effect upon the filing of the instant Bankruptcy Case. Debtor has yet to file a Motion to Extend/Impose the Stay. A review of the Court's docket indicates that the Debtor has failed to file a Motion for Authority to use Cash Collateral. Based on the foregoing, cause exists to dismiss this case pursuant to 11 U.S.C. §§1112(b)(4)(E) and (F).

**B.    INREM RELIEF FROM THE AUTOMATIC STAY IS WARRANTED**

33. 11 U.S.C. § 362(d)(4) permits a party to request extraordinary in rem relief from the automatic stay if the court:

> finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> **(A)**
> transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> **(B)**
> multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or

local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4)

34. As discussed above, cause exists to dismiss the case for bad faith. Creditor has been unable to exercise its rights under state law due to the **five consecutive bankruptcy cases.** (*See* Exhibits, 4-7). Three of the cases were filed in the last year. In the meantime, the Subject Loan has remained in default, with Creditor paying taxes and insurance, while Debtor enjoys the use of the Property and may be collecting rental income.

35. Thus, pursuant to 11 U.S.C. § 362(d)(4), Creditor requests *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the Debtor herein, or any other person or entity with an interest in the Property, shall not operate as a stay as to Secured Creditor's enforcement of its rights in and to the Property, as the Debtor's bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy cases.

**C.     DISMISSAL UNDER 109(g) IS IN THE BEST INTERESTS OF CREDITORS**

36. Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. *In re Adamo*, 2016 LEXIS 694, *27 (Bankr. E.D.N.Y. Mar. 4, 2016). When deciding between dismissal and conversion under section 1112(b), "a bankruptcy court must consider the best interest of the creditors and the estate." *In re Froman*, 566 B.R. 641, 651 (Bankr. S.D.N.Y 2017) (emphasis in original; internal quotes omitted) (citing *Bankr. Doc. 68 at 12:8-10).* Thus a court should dismiss a case when a debtor has little

to no unsecured creditors and almost no unencumbered nonexempt assets, thereby indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

37. Here, it does not appear the Debtor owns any unencumbered nonexempt assets. As stated in *Grego*, the court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf. *Id*. As there appears to be no assets or equity remaining for the benefit of creditors, conversion of the case to a Chapter 7 will only serve as a further delay. Accordingly, this case should be dismissed.

38. Finally, Creditor requests dismissal with a bar to refiling. As discussed above, the instant case represents the Debtor's fifth bankruptcy case, and the third filing in the last year. The Debtor has failed to confirm a Plan or obtain a discharge in each case and failed to comply with the requirements of the Bankruptcy Code and multiple court orders. Had the Debtor truly intended to reorganize, she would have availed herself of the provisions of the Bankruptcy Code in one of her prior cases. Moreover, the Debtor has violated her fiduciary duty as a debtor in possession by misusing cash collateral and improper management of the estate. Based on the foregoing, Creditor asserts Debtor has not acted in good faith and requests **dismissal of the case with an two year bar to refiling** pursuant to 11 U.S.C. §109(g)(1). Section 109(g) is not a temporal limit on section 105(a) and 349(a). Thus, a bankruptcy court may enjoin a debtor from filing a bankruptcy case for periods exceeding 180 days if the debtor is a serial filer and files the case in bad faith. *In re Casse*, 198 F.3d 327 (2d Cir. 1999).

39. In the alternative to dismissal, Creditor requests that this Court convert this case to a Chapter 7 to allow a trustee to determine if any of the Debtor's assets contain equity to liquidate for the benefit of the estate. At a minimum, a Chapter 7 trustee would comply with reporting requirements under the Code to ensure that estate assets are properly managed. Accordingly, dismissal of the petition

or liquidation by a Chapter 7 Trustee appears to be the only logical step to the orderly administration of Debtor's case.

### IV. CONCLUSION

40. For the reasons set forth herein, this case should be dismissed or converted to one under Chapter 7 of the Bankruptcy Code.

**WHEREFORE**, Creditor prays that this Court issue an Order

1. Dismissing the Chapter 11 Case *with prejudice*; and
2. Granting Creditor *in rem* relief from the automatic stay under §362(d)(4) for a 2 year period; and/or
3. Dismissing the Chapter 11 Case with a two year bar to refiling under §109(g); or
4. Alternatively, that the Court convert this case to a Chapter 7; and
5. Such other relief as the Court deems just and proper.

Dated: February 4, 2019

                                           _/s/ Jenelle C. Arnold_____
                                           Jenelle C. Arnold, Esq.