UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

    Sharon Salmon,

                 Debtor

Chapter 11
Case No.: 19-40388

**CERTIFICATION IN OPPOSITION TO MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE WITH BAR TO REFILING AND/OR WITH REQUEST FOR IN REM RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE, CONVERT TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

NIGEL E. BLACKMAN, ESQ. herein certifies as follows:

1. I am the attorney for the Debtor, SHARON SALMON, in the above referenced Chapter 11 case.

2. I make this certification in opposition to Creditor's THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE(CWALT 2004-13CB) ("Creditor") by and through its loan servicer, Bayview Loan Servicing, LLC("Bayview")'s motion seeking the relief for an Order (a) Dismissing the Chapter 11 case with prejudice; (b) Granting creditor in rem relief from the automatic stay under § 362 (d)(4) for a 2 year period, (c) Dismissing the Chapter 11 Case with a two year bar to refiling under §109(g), (d) Alternatively, that the court convert this case to a chapter 7 and (e) for such other and further relief as this court deems just and proper."

**FACTUAL BACKGROUND**

**The First and Second Bankruptcy Filing**

1. The debtor filed her first and second bankruptcy on September 28, 2017 and February 2, 2018 respectively, with the advice and guidance of a close friend, both of which were under Chapter 7.

2. This friend mis-guided her upon the thesis that the bankruptcy would be able to solve the financial issues she was being plagued by and she therefore voluntarily filed.

3. However, being unaware of the necessary steps to continue and to ensure a proper discharge of the bankruptcy, after several days during which she ignorantly did not file the necessary accompanying documentation, her bankruptcy was dismissed.

4. After a failed second attempt, the debtor decided that she should get professional help in order to cure her financial dilemmas through bankruptcy.

### The Third Bankruptcy Filing

5. On March 8, 2018 the debtor, upon an attorney's advice once again filed bankruptcy but this time under a Chapter 13.

6. The debtor filed Pro Se with the understanding that her attorney would make all the necessary appearances and file all necessary applications.

7. The first appearance was set on May 22, 2018 for a Motion to Confirm Termination or Absence of Stay. The attorney prepared opposition to the Motion for the debtor and she filed same Pro se.

8. On the day of the hearing, to the debtor's understanding, the attorney was expected to be present to appear on her behalf. To her shock and surprise, no appearance was made by the attorney. Furthermore, the debtor's hired attorney failed to appear at the scheduled 341 hearing.

9. As such, having filed no additional documents and having no representation at the first hearing wherein the Motion was granted to terminate the Automatic Stay, the confirmation was Marked off and the case dismissed.

10. Desperately in need of any help, the debtor was referred to her present attorneys just a day before the sale

another one of her properties, known as 68-15 ALMEDA AVENUE, FAR ROCKAWAY, NY.

### The Fourth Bankruptcy Filing

11. On August 24th, 2018, this office, willing to help the desperate woman, put everything necessary in place and filed.

12. On the date of filing, The court listed the deficiencies as follows: 'Set Copies of pay statements received from any employer due by 10/11/2018. Chapter 11 Statement of Your Current Monthly Income Form 122B due by 10/11/2018. Pre-Petition Statement Pursuant to E.D.N.Y. LBR 2017-1 due by 10/11/2018. Schedule A/B due 10/11/2018. Schedule C due 10/11/2018. Schedule D due 10/11/2018. Schedule E/F due 10/11/2018. Schedule G due 10/11/2018. Schedule H due 10/11/2018. Schedule I due 10/11/2018. Schedule J due 10/11/2018. Statement of Financial Affairs for Individuals Filing for Bankruptcy Form 107 due 10/11/2018.'

13. All these documents were uploaded on the court's docket before October 11, 2018 except for the Prepetition Statement pursuant to LBR 2017-1 which was prepared but failed to be uploaded upon the court's docket.

14. It is therefore posited that the debtor exhibited good faith in this matter and did not intentionally and willfully fail to abide by the rules of this court.

### The Fifth Filing

15. The Debtor has been in the personal business of accumulating real estate holdings in preparation and in anticipation of her retirement as she has no pension or saving to rely upon as a financial cushion. She has invested all her money over the years into real estate.

16. The debtor is currently in possession of thirteen (13) properties. They are listed as follows;
1. 100-27 196th Street, Hollis, NY, 11432
2. 68-15 Almeda Avenue, Far Rockaway, NY, 11692***
3. 113-12 200th Street, St Albans, NY 11412
4. 105-12 1189th Street, St Albans, NY, 11412
5. 114-49 175TH Place, Jamaica NY, 11434
6. 241-12 147th Avenue, Rosedale, NY, 11422
7. 403 E 29th Street, Brooklyn, NY, 11226
8. 11150 Promenade, Detroit, MF, 48213
9. 14151 Freeland, Detroit, MI 48227
10. 18628 Buffalo Ave, Detroit, MI 48234
11. 19266 Cameron Ave, Detroit, MI 48203
12. 15330 Snowden Ave, Detroit, MI 48227
13. 14895 Monte Vista Ave, Detroit, MI 48238

14. Upon information and belief, many of the listed properties that were purchased are free and clear of liens and some listing property values in excess of $900,000.00.

15. The Detroit properties listed above were purchased as investment properties and were paid for in cash. They are free and clear of any liens and it is estimated may carry not only rental value, but at liquidation may carry sale values in excess of $100,000.00 in cash.

16. The properties are all investment multi-unit properties that are either vacant or have tenants contained therein some of which, are in the process of being evicted in order to vacate the properties to be re-leased to viable leaseholders.

17. The issue that has brought the debtor to this stage of bankruptcy filing is the fact that she had all of her properties occupied by section 8 tenants that she believed

she would have been paid by the city of New York for occupation of the properties; however, this has not worked out and she has sought to spend large sums of money in a series of eviction proceedings trying to evict the tenants.

18.    Within this Chapter 11 filing, the Creditor shall begin receiving monthly mortgage payments commencing on March 1, 2019 from income from rentals from the Brooklyn property known as 403 East 29th Street, Brooklyn, NY, which upon information and relief each unit shall be rentable between $1,800.00 to $2,200.00 monthly.  Alternatively, some other properties including her primary residence has two rentable units about to be rented and may yield amounts in excess of the monthly mortgage payments.

19.    Once insurance payments and all other payments are reinstated, which the debtor has already ensured of as presented to the U.S. Trustee before the IDI meeting which took place on February 14th, 2019, the Debtor should have provided creditor with all adequate assurances it requires to reinstate its loan.

20.    We posit before the court that the property listed above will adequately ensure the offset of the current financial debts the debtor may have accrued.

21.    We beg the court not to hasten to the errors made in the past by a desperate debtor who sought financial help through any means necessary but to currently focus on the assets which are in her possession which will ensure the financial relief of one of its citizens.

22.    Currently allowing the sale of any property of this estate will not be in the interest of the debtor or any creditor to which she may owe.

23.    Debtor has a high probability of success in that it already has a series of at least 7 units that are free and

clear for leasing at prime rental rates throughout the city; however simply needs space and time to set up a reorganization and restructuring plan.

### **CREDITORS DO NOT HAVE CAUSE TO DISMISS DEBTOR'S CHAPTER 11 CASE**

24.     The debtor has at no time exhibited bad faith in filing these bankruptcy matters. She is a victim of circumstance and misinformation as is clearly outlined above.

25.     **In re Elmwood Dev. Co., 964 F.2d 508, 1992 U.S. App. LEXIS 15190, Bankr. L. Rep. (CCH) P74,769, 23 Bankr. Ct. Dec. 253,** POLITZ, Chief Judge highlighted that, 'Lack of good faith in the filing of a Chapter 11 bankruptcy petition constitutes cause for dismissal under 11 U.S.C. § 1112(b). The good faith standard protects the integrity of the bankruptcy courts and prohibits a debtor's misuse of the process where the overriding motive is to delay creditors without any possible benefit, or to achieve a reprehensible purpose through manipulation of the bankruptcy laws.'

26.     Of the four times that Miss Salmon unsuccessfully filed bankruptcy, only two times was any of her properties in jeopardy of being sold. Within the creditor's Motion to Dismiss, the Attorney would have the court believe that Miss Salmon willfully unsuccessfully filed these bankruptcies in order to solely evade the sale of her properties which is a completely bogus accusation even as at the time of this Chapter 11 filing no property was in danger of being sold. Nor did the office that filed this Motion to Dismiss have any foreclosure action pursuant to the filing of any of Miss Salmon's Bankruptcies within the last two years.

27.     In consistent with this citation the case **In re Gucci, 174 B.R. 401, 1994 Bankr. LEXIS 1656, 32 Collier Bankr. Cas. 2d (MB) 191, 26 Bankr. Ct. Dec. 180** also highlighted '11

U.S.C.S. § 1112(b) and its associated "good faith" doctrine are primarily concerned with the underlying question whether reorganization is the proper course of action in a particular debtor's case. On that score, dismissal of a Chapter 11 petition--like dismissal of any lawsuit--is not imposed principally as a sanction for bad intentions or obstreperous behavior. Instead, dismissal flows from the legal determination the debtor is not entitled to the remedy it seeks.'

28. We herein posit that this debtor is entirely entitled to the relief offered under the Chapter 11 bankruptcy.

29. As outlined above the debtor is in the possession of thirteen properties which under a reorganization plan would allow the debtor to make all necessary payments and offset all debts to the creditors owed within this bankruptcy.

30. With a proper plan and guidance from the federal court this creditor and all other creditors put forth within this bankruptcy filing would be sure to have all debts covered with the proper usage of the debtor's properties. This filing was made in good faith and should not be dismissed by the misguided attempts of the creditors, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE(CWALT 2004-13CB) ("Creditor") by and through its loan servicer, Bayview Loan Servicing, LLC("Bayview") Attorneys.

31. The Movant has listed the following case which is claimed to be almost exactly similar to the circumstances of this matter, "The Court in *C-TC 9th Ave. Partnership* set forth the factors that tended to establish that the debtor in that case did not have a valid reorganizational purpose: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the

secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997); *In re* 652 W.160th LLC, 330 B.R. 455, 462 (Bankr. S.D.N.Y. 2005)."

32.   The Movant's Attorney is clearly oblivious to the circumstances of this case. The debtor has interest in *THIRTEEN* different properties/assets which were each outlined on the debtor's schedules and will wonderfully aid in her reorganization. There are nine listed unsecured debtors listed on the debtor's 20 Largest Unsecured creditor's document filed for some time on the court's docket; Of the Thirteen properties the majority are unencumbered with debt and can secure tenants which would help to offset the debts held by the debtor; also at the time of the Chapter 11 filing there was no property of the debtor in danger of being foreclosed upon and was filed by her attorney's office as seen in the best interest of the debtor.

33.   The debtor currently has five tenants on four properties and continues to acquire tenants in order to ensure cash flow to offset the debts she currently holds.

34. This matter is entirely different to that outlined by the Movant's attorneys and should not be prematurely dismissed or converted by the court.

## DEBTOR HAS CURED DEFICIENCIES

35. The Movants claim that the debtor has failed to meet the deadlines of the court and therefore this matter should be dismissed in accordance with U.S.C. §1112(b)(4)(E) and (F).

36. This statement or complaint is clearly misguided.

37. On the date of filing the court issued a Notice of Deficiency issuing deadlines to each document.

38. To date each document was filed in accordance with the deadline attached by the court. The debtor currently has no outstanding documents to be filed with the court.

39. The IDI Meeting was successfully completed on February 14th, 2019 and the necessary documentation were sent to the office of U.S. Trustee as requested.

40. The 341 hearing was recently adjourned the to March 6th, 2019 as agreed with the Debtor's Attorney and the office of the U.S. Trustee.

## AUTOMATIC STAY

41. The debtor is not contesting that the Automatic Stay is currently no longer in effect.

42. The aim of this bankruptcy filing is the ensure the proper reorganization of the debtor's financial assets in order to offset as many liabilities as she can at this time.

43. While there may have been multiple filings the debtor did not complete these acts in bad faith.

44. As exhibited above, the debtor is a victim of unfortunate circumstances and misinformation.

45. We therefore herein beg the court to not allow the debtor to once again suffer from these actions. This matter was filed in good faith after a proper evaluation of the debtor's assets.

46. The Movants are misguided and uninformed as to the circumstances of the debtor as seen within their Motion to Dismiss as this filing will ensure the proper offset of any debts owed to them.

## **DISMISSAL NOR CONVERSION IS IN THE BEST INTEREST OF THE DEBTORS OR THE CREDITORS**

47. The creditors contend that if this case is dismissed or converted that the creditors and the debtor will suffer irreparable damage which could have been absolved through this Chapter 11 bankruptcy.

48. Once again, as outlined within her statements and schedules the debtor has accumulated assets over the years which would greatly help to offset all amounts owed to the creditors and the creation of a reorganization plan will ensure the proper offset of these debts.

49. The case of Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC, 476 B.R. 60, 2012 U.S. Dist. LEXIS 73529, 2012 WL 1918434 posits,'When a motion is filed to dismiss a case for cause, the moving party carries the burden of demonstrating that such cause exists by a preponderance of the evidence. However, if the issue is whether the bankruptcy petition was filed in good faith, the burden shifts to the debtor to demonstrate that the petition was filed in good faith.'

50. The Movant has failed to establish that the debtor has filed this petition in bad faith and there is cause to dismiss the current Chapter 11 matter.

51. The causes as highlighted by the Movant are: (1) multiple filings, In re Elmwood Dev. Co., 964 F.2d 508, 1992

U.S. App. LEXIS 15190, Bankr. L. Rep. (CCH) P74,769, 23 Bankr. Ct. Dec. 253, it was clearly established that,' The mere fact that a debtor has previously petitioned for bankruptcy relief does not render a subsequent Chapter 11 petition per se invalid'.

52.    (2) Bad Faith, In re Sgl Carbon Corp., 233 B.R. 285, 1999 U.S. Dist. LEXIS 6588, 1999-2 Trade Cas. (CCH) P72,716, 42 Collier Bankr. Cas. 2d (MB) 623, it states 'a Chapter 11 petition is filed in good faith if there is an arguable relation between the proposed reorganization and the purposes of Chapter 11. The purpose of a Chapter 11 case is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors and produce a return for its stockholders.' The debtor has a plan for reorganization which will continue to fulfill the purpose of a Chapter 11 filing. It is the best way forward under her circumstances as she has invested in a large amount of properties which can help to alleviate her financial difficulties and a Chapter 7 will not be able to administer as needed in the debtor's circumstances.

53.    (3) Failure to Cure Deficiencies; each deficiency as outlined by the court as been cured to date. The debtor's bankruptcy has so far gone forward smoothly. The IDI meeting was completed successfully with the U.S. Trustee's Office and the requested documents were sent over as well. The 341 hearing has since been adjourned to March 6th, 2019 and there are no outstanding documents which may prevent the Chapter 11 Trustee from moving forward with this debtor's matter. A reorganization plan is currently being put together by the debtor's Office and the deadline has been set for some time in May by the court. There is no reason for the court to

believe that this case is in any way prevented from moving forward smoothly.

54.	There is no reason why the court should feel compelled to dismiss or convert the debtor's Chapter 11 case as it is the best avenue to take both for the debtor and her creditors at this time.

Dated: February 26th, 2019

*[signature: Nigel Blackman]*

_____
BLACKMAN & MELVILLE, P.C.
By:  Nigel E. Blackman, Esq.
11 Broadway, Suite 615
New York, NY 10004