UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK –
BROOKLYN DIVISION

---------------------------------------------------------------X
In Re:

SHARON SALMON,

                    Debtor.
---------------------------------------------------------------X

Case No. 1-19-40388-nhl

Chapter 11

JUDGE: Hon. Nancy Hershey Lord

**<u>REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE *WITH* BAR TO REFILING AND/OR *WITH* REQUEST FOR IN REM RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE, CONVERT TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE</u>**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2004-13CB) ("<u>Creditor</u>") by and through its loan servicer, Bayview Loan Servicing, LLC ("<u>Bayview</u>"), by and through its undersigned counsel, as secured creditor of the above-entitled Debtor, Sharon Salmon ("<u>Debtor</u>") hereby submits the following *Reply to Debtor's Opposition Motion to Dismiss Debtor's Chapter 11 Bankruptcy Case with a Bar to Refiling, and/or with Request for In Rem Relief from the Automatic Stay or, in the alternative, to Convert the Case to one under Chapter 7 of the Bankruptcy Code* ("<u>Reply</u>").

## I.    INTRODUCTION

1.    Debtor's *Opposition to Creditor's Motion to Dismiss* ("<u>Motion to Dismiss</u>") is premised upon erroneous legal contentions and unsupported factual allegations and is wholly without merit. Creditor submits that cause exists to dismiss the Debtor's serial Chapter 11 Case for bad faith. The instant case represents the Debtor's **fifth bankruptcy filing** since 2017 and **the third filing in the last year**. The Debtor asserts she filed the first, second, and third cases *pro se* and was ignorant of the Bankruptcy Rules. The Debtor alleges her fourth case was dismissed after her attorney inadvertently failed to upload a required document. The Debtor alleges she has acted in good faith and filed the

instant fifth case with intent to reorganize her debts secured by various pieces of real estate. The Debtor alleges the real properties contain equity to pay creditors and produce rent.

2. However, the Debtor has had 2 years to reorganize her debts through five consecutive bankruptcy cases, sell properties, and comply with the Bankruptcy Code, but failed to do so. Case law does not allow a debtor to rely on ignorance of court rules or blame her attorney for failing to comply. The Debtor owes a fiduciary duty to creditors to properly manage the estate as a debtor in possession. Debtor ignores the fact the Bankruptcy Code *presumes* the instant case was filed in bad faith. The debtor bears the ultimate burden to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. *In re Casteneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006); 11 U.S.C. §§ 362(c)(3)(C); 1129(a)(3). Debtor has failed to show a significant change in circumstances to overcome the presumption of bad faith to justify a new filing. The totality of the circumstances evidences that Debtor has no intention of paying the secured claims, but, instead, has sought to improperly use the Bankruptcy Code to delay, hinder and/or defraud creditors through at least five consecutive bankruptcy cases. The foregoing factors constitute "cause" to dismiss this case *with prejudice* under §109(g).

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

3. On January 23, 2019, Debtor filed the instant **fifth voluntary petition** under Chapter 11 of the Bankruptcy Code in the Eastern District of New York and was assigned bankruptcy case number 19-40388 (the "Bankruptcy Case"). (*See* Dkt. No. 1).

4. Pursuant to 11 U.S.C. §362(c)(4)(A)(i) the automatic stay did not go into effect upon the filing of the instant Bankruptcy Case. Debtor has yet to file a Motion to Extend/Impose the Stay.

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case and the Debtor's prior bankruptcy cases.

5. A review of the Court's docket indicates that the Debtor has failed to file a Motion for Authority to use Cash Collateral.

6. A review of the Court's docket indicates that the Debtor has failed to file a Chapter 11 Disclosure Statement or Chapter 11 Plan.

7. On February 5, 2019, Creditor filed its Motion to Dismiss the Debtor's Case based, in part, on bad faith due to the multiple bankruptcy filings. (Dkt Nos. 17, 21).

8. On February 27, 2019, Debtor filed her *Opposition to Creditor's Motion to Dismiss* ("Opposition"). (Dkt No. 24). The Debtor asserts she filed the first, second, and third cases *pro se* and was ignorant of the Bankruptcy Rules. (*See* Opposition, ¶¶1-10). The Debtor alleges her fourth case was dismissed after her attorney inadvertently failed to upload a required document. (*See* Opposition, ¶¶11-14). The Debtor alleges she has acted in good faith and filed the instant fifth case with intent to reorganize her debts secured by various pieces of real estate. (*See* Opposition, ¶¶15, 24-30). The Debtor alleges the real properties contain equity to pay creditors and produce rent. (*See* Opposition, ¶¶15-18).

### III. ARGUMENT

#### A. DEBTOR HAS FAILED TO OVERCOME THE PRESUMPTION OF BAD FAITH

##### 1. Legal Standard.

9. Serial filings are not considered to be *per se* bad faith. *See In re Elmwood Dev. Co.,* 964 F.2d 508, 511 (5th Cir. 1992) (finding that the Code itself contains no absolute bar against filing a second Chapter 11 petition); *Downey Sav. & Loan Ass'n v. Metz (In re Metz),* 820 F.2d 1495, 1497 (9th Cir.1987); *see also Johnson v. Home State Bank,* 501 U.S. 78, 87 (1991) (permitting serial filings under chapter 7 and then chapter 13). Instead, the court must review the totality of the circumstances to determine the issue of bad faith. *In re Metz,* 820 F.2d at 1498 (citing *Goeb v. Held (In re Goeb),* 675 F.2d 1386, 1391 (9th Cir.1982)); *Elmwood Dev.*, 964 F.2d at 510 (it involves a "collation of factors, rather than any single datum").

10. Though the filing of a second petition may otherwise meet the statutory requirements, the filing may nevertheless violate the purpose and spirit of chapter 11 and thus not be filed in good faith. *Elmwood Dev.*, 964 F.2d at 511; *In re Metz,* 820 F.2d at 1498. As stated above, lack of good faith may be shown through the manipulation of the Bankruptcy Code. *See In re Goeb,* 675 F.2d at 1390.

11. "Bad faith" is somewhat of misnomer. It is *not necessary* to show ill will or malicious conduct on the part of the debtor or intentional abuse of the bankruptcy laws. All that need to be shown is that the petition or pleading was filed for a purpose other than that sanctioned by the Code. (*See In re McCormick Road Assocs.*, 127 B.R. 410, 415 (Bankr. N.D. Il. 1991); *In re Southern Calif. Sound Systems, Inc.*, 69 B.R. 896, 901, fn. 2 (Bankr. S.D. Cal. 1987). The court must review the totality of the circumstances to determine the issue of bad faith. *Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986); *In re Albany Partners, Ltd.*, 749 F2d 670, 674 (11th Cir. 1984). All facts and circumstances *leading up to the filing of the bankruptcy case are considered, as well as the debtors' conduct during the case*. *See In re Charfoos*, 979 F2d 390, 394-395 (6th Cir. 1992); *In re Laguna Assocs. Ltd. P'ship*, 30 F3d 734, 738 (6th Cir. 1994); *In re Robino*, 243 B.R. 472, 487 (Bankr. N.D. Al. 1999).

**2.    A Presumption of Bad Faith Applies**

12. As discussed above, "bad faith" is not expressly defined in the Bankruptcy Code. However, other sections of the Code are instructive when considering whether multiple filings constitutes bad faith. For instance, section 362(c)(4)(A) of the Bankruptcy Code provides, "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . the stay under subsection (a) shall not go into effect upon the filing of the later case."11 U.S.C. § 362(c)(4)(A). A case is presumptively *not* filed in good faith:

(i) as to all creditors, if:

(I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

      (II)      a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

      (III)      there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

11 U.S.C. § 363(c)(4)(D)(i). The debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. *In re Casteneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006); 11 U.S.C. § 362(c)(3)(C).

13. The instant case was not filed in good faith as a matter of fact and law. Indeed, the presumption prescribed by section 362(c)(4) applies in this case. First, the presumption arises because Debtor's Second, Third, and Fourth Bankruptcy Cases were pending and dismissed within the preceding year of this case. (*See* 11 U.S.C. § 362(c)(4)(D)(i)(I)). Second, the presumption arises because the prior cases were dismissed, in part, based on the Debtor's failure to file required documents. (Exhibit 4; 11 U.S.C. § 362(c)(4)(D)(i)(II)). Third, the presumption arises as the Debtor failed to demonstrate a substantial change in her financial affairs ***since the dismissal of the prior petition*** or any other reason to conclude a confirmed Plan will be completed. 11 U.S.C. § 362(c)(4)(D)(i)(III).

### 3. The Serial Bankruptcy Filings

14. Here, Debtor asserts she filed the first, second, and third cases *pro se* and was ignorant of the Bankruptcy Rules. (*See* Opposition, ¶¶1-10). The Debtor alleges her fourth case was dismissed after her attorney inadvertently failed to upload a required document. (*See* Opposition, ¶¶11-14). The

Debtor alleges she has acted in good faith and filed the instant fifth case with intent to reorganize her debts secured by various pieces of real estate. (*See* Opposition, ¶¶15, 24-30). The Debtor alleges the real properties contain equity to pay creditors. (*See* Opposition, ¶¶15-18).

15. However, the Debtor has had 2 years to reorganize her debts through five consecutive bankruptcy cases, sell properties, and comply with the Bankruptcy Code, but failed to do so. Case law does not allow a debtor to rely on ignorance of court rules or blame her attorney for failing to comply. Clients must be held accountable for the acts and omissions of their attorneys. In *Link* v. *Wabash R. Co.*, 370 U.S. 626 (1962), the Supreme Court held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled conference. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). A client may be penalized for counsel's tardy filing of a required document. *United States* v. *Boyle*, 469 U.S. 241, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). This principle applies with equal force here and requires that Debtor be held accountable for her own actions and the omissions of her chosen counsel. *Pioneer Inv. Servs, 507 U.S. at 397*.

16. Further, Debtor owes a fiduciary duty to creditors to properly manage the estate as a debtor in possession. Where a debtor in possession has failed to perform its fiduciary duties, conversion or dismissal is warranted. *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001). Debtor ignores the fact the Bankruptcy Code *presumes* the instant case was filed in bad faith. The debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. *In re Casteneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006); 11 U.S.C. §§ 362(c)(3)(C); 1129(a)(3). Debtor has failed to show a significant change in circumstances to overcome the presumption of bad faith to justify a new filing. While the Debtor alleges her properties contain equity and produce rental income, it is unclear why the Debtor failed to reorganize her debts or sell her properties over the last two years to pay creditors.

Nothing has changed since the filing and dismissal of the Debtor's prior cases other than the Debtor's current assertion of good faith. Thus, Debtor has failed to demonstrate a substantial change in her financial affairs.

17. The totality of the circumstances evidences that Debtor has no intention of paying the secured claims, but, instead, has sought to improperly use the Bankruptcy Code to delay, hinder and/or defraud creditors through at least five consecutive bankruptcy cases. Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith." Based on the foregoing, Creditor asserts Debtor has acted in bad faith and cause exists to dismiss this case **with prejudice** and a bar to refiling under 11 U.S.C. §1112. In the alternative, Creditor requests the court convert this case to a Chapter 7 to allow a Trustee to liquidate the Debtor's assets for the benefit of all creditors.

**WHEREFORE**, Creditor prays that this Court issue an Order

1. Dismissing the Chapter 11 Case *with prejudice*;
2. Confirming the automatic stay is not in effect in this case pursuant to 11 U.S.C. §362(c)(4)(A)(i);
3. Granting Creditor *in rem* relief from the automatic stay under §362(d)(4) for a 2 year period;
4. Dismissing the Chapter 11 Case with a two year bar to refiling under §109(g); or
5. Alternatively, that the Court convert this case to a Chapter 7; and
6. Such other relief as the Court deems just and proper.

Dated: March 5, 2019

      /s/ Jenelle C. Arnold
Jenelle C. Arnold, Esq.